# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHRISTOPHER GRIFFIS,**  CASE NO. 2:10-CV-68
                          JUDGE WATSON
    **Petitioner,**   MAGISTRATE JUDGE KEMP

**v.**

**KEITH SMITH, Warden,**

    **Respondent.**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts.

Upon review of petitioner's financial affidavit and prisoner account statement, petitioner's request to proceed *in forma pauperis* is **GRANTED**. **IT IS HEREBY ORDERED THAT** petitioner be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition. Petitioner's request for the appointment of counsel is **DENIED**.

## FACTS AND PROCEDURAL HISTORY

According to the petition, this action involves petitioner's January 17, 2001, convictions after

a jury trial in the Muskingum County Court of Common Pleas on aggravated robbery and kidnapping.

> [P]etitioner was charged with committing an assault robbery at knife point in broad daylight in a drug store parking lot. He was positively identified by the victim, both at the scene shortly after the offense was committed and at trial, and the identification was corroborated by additional testimony from eyewitnesses and the officers who apprehended Griffis in the area shortly after the robbery occurred. Griffis did not testify, but his wife did, saying that her husband had left home on foot that morning intending to submit applications for employment at businesses located in the same area. After the jury returned a guilty verdict, one of the jurors told defense counsel that on the night of the first day of the trial, he had driven to Griffis's house and from there to the scene in order to determine the distance from the petitioner's residence to the location where Griffis was arrested. The other jurors present indicated that based upon that information, they determined that the defendant had not spent the night before the robbery at his home and then gone looking for a job the next morning.
>
> When defense counsel moved for a new trial on the basis of juror misconduct, the trial court denied the motion, finding that under Ohio's "aliunde rule" a juror is not permitted to impeach his own verdict without outside evidence from a separate source. On direct appeal, the Ohio Court of Appeals affirmed this ruling and the Ohio Supreme Court denied review. Griffis later moved to reopen his appeal, claiming ineffective assistance of counsel on direct appeal for failure to raise the validity of the victim's identification, based on the unduly suggestive nature of the one-on-one show-up at the scene of the offense and on trial counsel's failure to that and other issues at trial. The motion to reopen was denied and review by the Ohio Supreme Court was again denied.

*Griffis v. Hurley,* 151 Fed.Appx. 355, unpublished, 2005 WL 2175939 (6th Cir. August 9, 2005).

On February 10, 2003, petitioner first sought federal habeas corpus relief. On October 31, 2003, final judgment was entered dismissing his habeas corpus petition. *See Griffis v. Hurley*, Case Number 2:03-cv-00117 (S.D. Ohio Eastern Division). On August 9, 2005, the United States Court

2

of Appeals for the Sixth Circuit dismissed petitioner's subsequent appeal. *Griffis v. Hurley*, supra, 2005 WL 2175939.

On January 25, 2010, petitioner filed the instant *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. He now asserts that he was denied the effective assistance of trial and appellate counsel, due process and a fair trial, that his convictions constitute allied offenses of similar import or violate the Double Jeopardy Clause, and that his convictions constitute a manifest injustice. However, this action is plainly a successive petition.

28 U.S.C. §2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir.1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) ( *per curia* ). Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir.1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2254 action unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a prima facie showing either

3

that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without §2244(b)(3)(A) authorization in *In re Sims, supra.*

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C.§1631.

*Id.* at 47; *see also Liriano v. United States,* 95 F.3d 119, 123 (2d Cir.1996) ( *per curia* ).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition. Petitioner's request for the appointment of counsel is **DENIED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

4

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp  
United States Magistrate Judge